**23SL-CC03822**

EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

## IN THE CURCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **MARC ULSES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: _____ |
| **v.** | ) | |
| | ) | |
| **3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.)** | ) | Division No.: _____ |
| Serve: CSC-Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101; | ) | |
| | ) | |
| **AGC CHEMICALS AMERICAS INC.** | ) | |
| Serve: 55 E. Uwchlan Avenue, Suite 201 | ) | |
| Exton, Pennsylvania 19341; | ) | |
| | ) | |
| **AGC, INC. (f/k/a Asahi Glass Co., Ltd.)** | ) | |
| Serve: 1-5-1, Marunouchi, Chiyoda-ku | ) | |
| Tokyo 100-8405 Japan; | ) | |
| | ) | |
| **AMEREX CORPORATION** | ) | |
| Serve: Registered Agent | ) | |
| The Corporation Company | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105; | ) | |
| | ) | |
| **ANGUS INTERNATIONAL SAFETY GROUP, LTD** | ) | |
| Serve: 141 Junny Road, | ) | |
| Angier, North Carolina 27501; | ) | |
| | ) | |
| **ARCHROMA MANAGEMENT, LLC** | ) | |
| Serve: 5435 77 Center Drive | ) | |
| Charlotte, North Carolina 28217; | ) | |
| | ) | |
| **ARCHROMA U.S., INC.** | ) | |
| Serve: Registered Agent | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105; | ) | |
| | ) | |
| **ARKEMA, INC.** | ) | |
| Serve: Registered Agent | ) | |
| CSC-Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |

1

Jefferson City, MO 65101;                    )
                                             )
**BASF CORPORATION**                         )
Serve:  Registered Agent                     )
        CT Corporation System                )
        120 South Central Avenue             )
        Clayton, MO 63105;                    )
                                             )
**BUCKEYE FIRE EQUIPMENT COMPANY**           )
Serve:  110 Kings Road                        )
        Mountain, North Carolina 28086;      )
                                             )
**CARRIER GLOBAL CORPORATION**               )
Serve:  13995 Pasteur Blvd.                   )
        Palm Beach Gardens, FL 33418;        )
                                             )
**CENTRAL SPRINKLER, LLC**                   )
Serve:   Registered Agent                     )
        CT Corporation System                )
        120 South Central Avenue             )
        Clayton, MO 63105;                    )
                                             )
**CHEMDESIGN PRODUCTS, INC.**                )
Serve:  2 Stanton Street                      )
        Marinette, Wisconsin 54143;          )
                                             )
**CHEMGUARD, INC.**                          )
Serve: One Stanton Street                     )
        Marinette, Wisconsin 54143;          )
                                             )
**CHEMICALS INCORPORATED**                   )
Serve: 12321 Hatcherville Road                )
        Baytown, Texas 77521;                )
                                             )
**CHUBB FIRE, LTD.**                         )
Serve: Little Road, Ashford, Middlesex,      )
        United Kingdom TW15 1TZ;             )
                                             )
**CLARIANT CORPORATION**                     )
Serve:  Registered Agent                      )
        CSC-Lawyers Incorporating Service Co. )
        221 Bolivar Street                    )
        Jefferson City, MO 65101;            )
                                             )
**CORTEVA, INC.**                            )
Serve:  Registered Agent                      )
        CT Corporation System                )
        120 South Central Avenue             )

2

Clayton, MO 63105;                                    )
                                                      )
**DEEPWATER CHEMICALS, INC.**                         )
Serve: 196122 E. County Road 735                      )
      Woodward, Oklahoma 73801;                 )
                                                      )
**DUPONT DE NEMOURS, INC.**                           )
Serve: 1007 Market Street                             )
      Wilmington, Delaware 19899;               )
                                                      )
**DYNAX CORPORATION**                                 )
Serve: 103 Fairview Park Drive                        )
      Elmsford, New York 10523;                 )
                                                      )
**E. I. DUPONT DE NEMOURS AND**                       )
**COMPANY**                                           )
Serve: Registered Agent                               )
      CT Corporation System                     )
      120 South Central Avenue                  )
      Clayton, MO 63105;                        )
                                                      )
**FIRE PRODUCTS GP HOLDING, LLC**                     )
Serve: Registered Agent                               )
      CT Corporation System                     )
      120 South Central Avenue                  )
      Clayton, MO 63105;                        )
                                                      )
**JOHNSON CONTROLS INTERNATIONAL,**                   )
**PLC**                                               )
Serve: One Albert Quay                                )
      Cork, Ireland                             )
                                                      )
**KIDDE PLC, INC.**                                   )
Serve: One Carrier Place                              )
      Farmington, Connecticut 06034;            )
                                                      )
**KIDDE-FENWAL, INC.**                                )
Serve: Registered Agent                               )
      United Agent Group Inc.                   )
      12747 Olive Blvd., Suite 300              )
      St. Louis, MO 63141;                      )
                                                      )
**NATIONAL FOAM, INC.**                               )
Serve: 141 Junny Road                                 )
      Angier, North Carolina 27501;             )
                                                      )
                                                      )

**NATION FORD CHEMICAL COMPANY**                )
Serve: 2300 Bands Street                                     )
      Fort Mill, South Carolina 29715;                )
                                                                )
**RAYTHEON TECHNOLOGIES**                         )
**CORPORATION (f/k/a United Technologies**      )
**Corporation)**                                                   )
Serve:  Registered Agent                                    )
      CT Corporation System                          )
      120 South Central Avenue                      )
      Clayton, MO 63105;                               )
                                                                )
**THE CHEMOURS COMPANY**                          )
Serve:  Registered Agent                                    )
      CT Corporation System                          )
      120 South Central Avenue                      )
      Clayton, MO 63105;                               )
                                                                )
**THE CHEMOURS COMPANY FC, LLC;**         )
Serve: Registered Agent                                     )
      CT Corporation System                          )
      120 South Central Avenue                      )
      Clayton, MO 63105;                               )
                                                                )
**TYCO FIRE PRODUCTS LP**                          )
Serve: Registered Agent                                     )
      CT Corporation System                          )
      120 South Central Avenue                      )
      Clayton, MO 63105;                               )
                                                                )
**UNITED TECHNOLOGIES CORPORATION**      )
Serve:  Registered Agent                                    )
      CT Corporation System                          )
      120 South Central Avenue                      )
      Clayton, MO 63105; and                          )
                                                                )
**UTC FIRE & SECURITY AMERICAS**             )
**CORPORATION, INC.,**                                 )
Serve:  Registered Agent                                    )
      United Agent Group Inc.                          )
      12747 Olive Blvd., Suite 300                   )
      St. Louis, MO 63141,                             )
                                                                )
              Defendants.                )

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

**PLAINTIFF'S PETITION**

Plaintiff Marc Ulses, by and through undersigned counsel, brings this action against 3M Company (f/k/a Minnesota Mining and Manufacturing Co.), AGC Chemicals Americas, Inc., AGC, Inc. (f/k/a Asahi Glass Co., Ltd.), Amerex Corporation, Angus International Safety Group, Ltd., Archroma Management, LLC, Archroma U.S., Inc., Arkema, Inc., BASF Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, Central Sprinkler, LLC, ChemDesign Products, Inc., Chemguard, Inc., Chemicals Incorporated, Chubb Fire, Ltd., Clariant Corporation, Corteva, Inc., Deepwater Chemicals, Inc., DuPont de Nemours, Inc., Dynax Corporation, E. I. DuPont De Nemours and Company, Fire Products GP Holding, LLC, Johnson Controls International, PLC, Kidde PLC, Inc., Kidde-Fenwal, Inc., National Foam, Inc., Nation Ford Chemical Company, Raytheon Technologies Corporation (f/k/a United Technologies Corporation), The Chemours Company, The Chemours Company FC, LLC, Tyco Fire Products LP, United Technologies Corporation, UTC Fire & Security Americas Corporation, Inc., and John Doe Defendants 1-49 (collectively, "Defendants"), and alleges as follows:

## I.    SUMMARY OF THE CASE

1.    Plaintiff Marc Ulses brings this action against Defendants for exposure to aqueous film-forming foam ("AFFF") resulting in personal injury. Since 1984, Plaintiff was employed with the Frontenac Fire Department in Frontenac, Missouri. During that time, he worked as a fireman in the roles of Private, Paramedic, Captain, Assistant Chief and Chief. Plaintiff spent the last three years of his employment as Chief, until he retired in January 2022. For approximately 38 years, he regularly handled and was exposed to AFFF which contained per- and polyfluoroalkyl substances ("PFAS") including, but not limited to, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS").

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

2.     PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

3.     PFAS binds to proteins in the blood of humans exposed to the material and remains and persists over long periods of time. Due to their unique chemical structure, PFAS accumulates in the blood and body of exposed individuals.

4.     PFAS are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS remain in the human body while presenting significant health risks to humans.

5.     PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain.  Upon information and belief, PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, bladder cancer, prostate cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

6.     At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluourinated chemicals contained in AFFF.

7.     This Petition refers to AFFF, PFOA, PFOS, PFAS compounds, and fluorosurfactants collectively as "Fluorosurfactant Products."

8.     Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that firefighters would be exposed to these toxic compounds during fire protection,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

training, and response activities even when the AFFF was used as directed and intended by the manufacturer.

9.     After working with AFFF for decades, Plaintiff was diagnosed with bladder cancer on September 11, 2018 and prostate cancer in December 2018.

10.     Plaintiff files this lawsuit to recover compensatory, punitive and all other damages, including but not limited to past and future (1) expenses for care, treatment and hospitalization incident to the injury;  (2) compensation for physical pain and suffering;  (3) loss of income, wages, or earning capacity;  (4) compensation for mental or emotional pain and anguish; (5) physical impairment; (6) loss of companionship and society;  (7) inconvenience; (8) loss of enjoyment of life; (9) exemplary damages.

## II.     PARTIES

*A.*     *P*LAINTIFF

11.     Marc Ulses is a resident of State of Missouri, currently residing in St. Louis County.

12.     From 1984 to 2022, Plaintiff worked as a fireman with the Frontenac Fire Department in St. Louis County, Missouri.  He used AFFF to cover oil/fuel fires and routinely used it throughout the course of his training where he physically cleaned up spills of AFFF with mops and sponges.

13.     Plaintiff regularly handled, used, and cleaned up AFFF as part of his regular duties. Throughout the course of these activities, Plaintiff used AFFF in accordance with all product instructions and directions.

14.     During all times relevant to this lawsuit, the Frontenac Fire Department used AFFF containing PFAS compounds.

15.     Plaintiff has been diagnosed with bladder cancer and prostate cancer as a result of his exposure to Defendants' AFFF products.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

B.    DEFENDANTS

16.    Upon information and belief, the following Defendants designed, manufactured, formulated, marketed, promoted, distributed, and/or sold the Fluorosurfactant Products and that each Defendant knew or should have known the Products would be delivered to areas for active use by Plaintiff during the course of training and firefighting activities.

17.    Defendant 3M Company (f/k/a Minnesota Mining and Manufacturing Company) ("3M") is a Delaware corporation authorized with its principal place of business located at 3M Center, St. Paul, Minnesota 55133.  Upon information and belief, 3M has conducted and/or availed itself of doing business throughout the United States, including in Missouri. 3M may be served through its registered agent at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

18.    Upon information and belief, 3M designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

19.    Defendant AGC Chemicals Americas, Inc. ("AGC") is a Pennsylvania corporation with its principal place of business at 55 E. Uwchlan Ave., Suite 201, Exton, Pennsylvania 19341. Upon information and belief, AGC has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

20.    Upon information and belief, AGC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

21.    Defendant AGC, Inc. f/k/a Asahi Glass Co., Ltd. ("AGC, Inc.") is a corporation organized under the laws of Japan with its principal place of business at 1-5-1, Marunouchi, Chiyoda-ku, Tokyo 100-8405 Japan. Upon information and belief, AGC, Inc. has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

22.    Upon information and belief, AGC, Inc. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

23.    Defendant Amerex Corporation ("Amerex") is an Alabama corporation with its principal place of business at 7595 Gadsden Highway, Trussville, Alabama 35173. Upon information and belief, Amerex has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Amerex may be served through its registered agent at The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

24.    Upon information and belief, Amerex designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

25.     Defendant Angus International Safety Group, Ltd. ("Angus International") is a foreign private limited company, United Kingdom registration number 8441763, with offices at Station Road, High Bentham, Near Lancaster, United Kingdom. Upon information and belief, Angus International Safety Group, Ltd. is the parent company of National Foam, Inc. Upon information and belief, Angus International has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Angus International may be served at 141 Junny Road, Angier, North Carolina 27501.

26.     Upon information and belief, Angus International designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

27.     Defendant Archroma Management, LLC, ("Archroma Management") is a foreign limited liability company registered in Switzerland, with a principal business address of Neuhofstrasse 11, 4153 Reinach, Basel-Land, Switzerland. Upon information and belief, Archroma Management has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Archroma Management can be served at 5435 77 Center Drive, Charlotte, North Carolina 28217.

28.     Upon information and belief, Archroma Management designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

29.     Defendant Archroma U.S., Inc. ("Archroma") is a Delaware corporation with its principal place of business located at 5435 77 Center Dr., #10, Charlotte, North Carolina 28217. Upon information and belief, Archroma U.S., Inc. is a subsidiary of Archroma Management, LLC. Upon information and belief, Archroma U.S., Inc. has conducted and/or availed itself of doing business throughout the United States, including in Missouri.  Archroma may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

30.     Upon information and belief, Archroma designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

31.     Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation with its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Upon information and belief, Arkema had conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, assets of Arkema's fluorochemical business were purchased by Defendant Dupont in 2002.  Arkema may be served

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

through its registered agent at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

32.     Upon information and belief, Arkema designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

33.     Defendant BASF Corporation ("BASF") is a Delaware corporation with its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932. Upon information and belief, BASF Corporation acquired Ciba-Geigy Corporation and/or Ciba Specialty Chemicals. Upon information and belief, Ciba-Geigy Corporation and/or Ciba Specialty Chemicals conducted and/or availed itself of doing business throughout the United States, including Missouri. BASF may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

34.     Upon information and belief, BASF designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

35.     Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086. Upon

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

information or belief, Buckeye has conducted and/or availed itself of doing business throughout the United States, including Missouri.

36.    Upon information and belief, Buckeye designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

37.    Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation with its principal place of business located at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418. Upon information and belief, Carrier has conducted and/or availed itself of doing business throughout the United States, including Missouri.

38.    Upon information and belief, Carrier was formed in 2020 and is the parent company of Kidde-Fenwal, Inc., a manufacturer of AFFF.

39.    Upon information and belief, Carrier designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

40.    Defendant Central Sprinkler, LLC ("Central Sprinkler") is a Delaware limited liability company with its principal place of business located at 1400 Pennbrook Parkway,

13

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

Lansdale, Pennsylvania, 19446. Upon information and belief, Central Sprinkler is a limited partner of Tyco. Upon information and belief, Chemguard is wholly-owned by Central Sprinkler, LLC. Upon information and belief, Central Sprinkler, LLC has conducted and/or availed itself of doing business throughout the United States, including Missouri. Central Sprinkler may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

41.     Upon information and belief, Central Sprinkler designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

42.     Defendant ChemDesign Products, Inc. ("ChemDesign") is a Delaware corporation with its principal place of business located at 2 Stanton Street, Marinette, Wisconsin 54143.  Upon information and belief, ChemDesign Products, Inc. has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

43.     Upon information and belief, ChemDesign designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

44.     Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143. Upon information and belief, Chemguard has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Chemguard acquired Williams Fire and Hazard Control, Inc. ("WFHC"). Upon information and belief, WFHC has and continues to sell and/or distribute AFFF throughout the United States, including in the State of Missouri.

45.     Upon information and belief, Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

46.     Defendant Chemicals Incorporated ("Chemicals") is a Texas corporation with its principal place of business located at 12321 Hatcherville Road, Baytown, Texas 77521. Upon information and belief, Chemicals has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

47.     Upon information and belief, Chemicals designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

48.    Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company, United Kingdom registration number 134210, with offices at Littleton Road, Ashford, Middlesex, United Kingdom TW15 1TZ. Upon information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc.    Upon information and belief, Chubb was part of UTC Fire & Security Americas Corporation, Inc. Upon information and belief, Chubb has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

49.    Upon information and belief, Chubb Fire designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

50.    Defendant Clariant Corporation ("Clariant") is a New York corporation with its principal place of business located at 4000 Monroe Road, Charlotte, North Carolina 28205. Upon information and belief, Clariant has conducted and/or availed itself of doing business throughout the United States, including in Missouri.  Clariant may be served through its registered agent at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

51.    Upon information and belief, Clariant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

52.    Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805. Upon information and belief, Corteva, Inc. is one of the aforementioned spin-off companies from DowDuPont, Inc., and is believed to have assumed some of the PFAS liabilities of the former DuPont.  Upon information and belief, Corteva has conducted and/or availed itself of doing business throughout the United States, including in Missouri.  Corteva may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

53.    Upon information and belief, Corteva designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

54.    Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation with its principal place of business located at 196122 E County Road 735, Woodward, Oklahoma 73801. Upon information and belief, Deepwater has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

55.    Upon information and belief, Deepwater designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

56.    Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont") is a Delaware corporation and with its principal place of business at 1007 Market Street, Wilmington, Delaware 19899 and 2211 H.H. Dow Way, Midland, Michigan 48674. Upon information and belief, DowDuPont has conducted and/or availed itself of doing business throughout the United States, including in Missouri. DowDuPont was created in 2015 to transfer Chemours and DuPont liabilities for manufacturing and distributing flurosurfactants to AFFF manufacturers.

57.    Upon information and belief, DowDuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

58.    Defendant Dynax Corporation ("Dynax") is a Delaware corporation with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523. Upon information and belief, Dynax has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

59.    Upon information and belief, Dynax designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

60.     Defendant E. I. DuPont De Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.  Upon information and belief, DuPont has conducted and/or availed itself of doing business throughout the United States, including in Missouri. DuPont may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

61.     Upon information and belief, DuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

62.     Defendant Fire Products GP Holding, LLC ("Fire Products") is a Delaware limited liability company with its principal place of business located at 5757 N Green Bay Ave., Milwaukee, Wisconsin 53209. Upon information and belief, Fire Products has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, Fire Products is a general partner of Tyco. Fire Products may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

63.     Upon information and belief, Fire Products designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

64. Defendant Johnson Controls International, PLC ("Johnson Controls") is an Irish public limited company with its principal place of business located at One Albert Quay, Cork, Ireland. Upon information and belief, Johnson Controls has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, Johnson Controls International, PLC is the parent company of Tyco.

65. Upon information and belief, Johnson Controls designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

66. Defendant Kidde P.L.C., Inc. ("Kidde P.L.C.") is a foreign corporation organized and existing under the laws of the State of with its principal place of business at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde P.L.C. has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, Kidde P.L.C. was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

67. Upon information and belief, Kidde P.L.C. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

68.     Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a corporation organized under the laws of the State of Delaware with its principal place of business at One Financial Plaza, Hartford, Connecticut 06101. Upon information and belief, Kidde-Fenwal has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Kidde-Fenwal is the successor-in-interest to Kidde Fire Fighting, Inc. (f/k/a Chubb National Foam, Inc. f/k/a National Foam System, Inc.) (collectively, "Kidde/Kidde Fire"). Kidde-Fenwal may be served through its registered agent at United Agent Group Inc., 12747 Olive Blvd., Suite 300, St. Louis, MO 63141.

69.     Upon information and belief, Kidde-Fenwal designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

70.     Defendant National Foam, Inc. ("National Foam") is a Delaware corporation with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501. Upon information or belief, National Foam has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, National Foam is a subsidiary of Angus International Safety Group, Ltd. Upon information and belief, National Foam manufactures the Angus brand of AFFF products.

71.     Upon information and belief, National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

72.    Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina corporation with its headquarters located at 2300 Bands Street, Fort Mill, South Carolina 29715. Upon information and belief, Nation Ford has conducted and/or availed itself of doing business throughout the United States, including in Missouri.

73.    Upon information and belief, Nation Ford designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

74.    Defendant Raytheon Technologies Corporation (f/k/a United Technologies Corporation) ("Raytheon Tech f/k/a United Tech") is a Delaware corporation with its principal place of business at 870 Winter Street, Waltham, Massachusetts 02451. Upon information or belief, Raytheon Tech f/k/a United Tech has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Raytheon Tech f/k/a United Tech may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

75.    Upon information and belief, Raytheon Tech f/k/a United Tech designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

76.     Defendant The Chemours Company ("Chemours") is a Delaware corporation with its principal place of business located at 1007 Market Street, Wilmington, Delaware 19899. Upon information or belief, Chemours has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Chemours may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

77.     Upon information and belief, Chemours designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

78.     Defendant Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation with its principal place of business at 1007 Market Street, Wilmington, Delaware 19899. Upon information or belief, Chemours FC has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Chemours FC is a subsidiary of The Chemours Company. Chemours FC may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

79.     Upon information and belief, Chemours FC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users,

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

80.     In 2015, DuPont spun off its "Performance Chemicals" business to Chemours, along with certain environmental liabilities. Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries arising from the manufacture and sale of fluorosurfactants and the products that contain fluorosurfactants.

81.     Defendant Tyco Fire Products LP ("Tyco") is a Delaware limited partnership with its principal place of business located at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19446. Upon information or belief, Tyco has conducted and/or availed itself of doing business throughout the United States, including in Missouri.   Tyco acquired Chemguard in 2011.  Tyco may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

82.     Tyco is the successor in interest to the corporation formerly known as The Ansul Company ("Ansul"). Upon information and belief, Tyco/Ansul designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

83.     Defendant United Technologies Corporation ("United Technologies") is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

of business at 8 Farm Springs Road, Farmington, Connecticut 06032.  Upon information or belief, United Technologies has conducted and/or availed itself of doing business throughout the United States, including in Missouri. United Technologies may be served through its registered agent at CT Corporation System, 120 South Central Avenue, Clayton, MO 63105

84.     Upon information and belief, United Technologies designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

85.     Defendant UTC Fire & Security Americas Corporation, Inc. ("UTC") is a Delaware corporation with its principal place of business at 13995 Pasteur Blvd., Palm Beach Gardens, Florida 33418. Upon information or belief, UTC has conducted and/or availed itself of doing business throughout the United States, including in Missouri. Upon information and belief, UTC was a division of United Technologies Corporation. UTC may be served through its registered agent at United Agent Group Inc., 12747 Olive Blvd., Suite 300, St. Louis, MO 63141.

86.     Upon information and belief, UTC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Petition. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

87.     All of the foregoing Defendants, upon information and belief, have previously conducted and/or currently conduct their business throughout the United States. Moreover, some

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

of the foregoing Defendants, if not all, have conducted and/or are currently conducting business in the state of Missouri.

88.    Any and all references to a Defendant or Defendants in this Petition include any predecessors, successors, parents, subsidiaries, affiliates and divisions of the named Defendants.

89.    The term "Defendants," without naming any specific one, refers to all Defendants named in this Petition jointly and severally. When reference is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

### III.    JURISDICTION AND VENUE

90.    This Court has subject matter jurisdiction pursuant to R.S.Mo § 506.500 because the tortious acts upon which Plaintiff's claims are based occurred within the State of Missouri, and because Plaintiff is a Missouri resident and certain defendants, as alleged above were, at all times relevant hereto, Missouri corporations.

91.    All Defendants named herein have routine and systematic business conducted in the State of Missouri and are subject to Missouri's long arm statutes, R.S.MO. §506.500. Moreover, the non-resident defendants have sufficient minimum contacts with this State by conducting substantial business in the State of Missouri, marketing and selling their products for profit in the State of Missouri, and directing their activities toward the residents of the State of Missouri. Each Defendant is also subject to personal and subject matter jurisdiction in the State of Missouri because of Plaintiff sustaining personal injuries in this State.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

92.     The damages sought by Plaintiff, exclusive of interests and costs, exceeds the minimum jurisdictional limits of the Court.

93.     Venue is proper in this Court pursuant to R.S.Mo § 508.010 because Plaintiff's causes of action accrued in Saint Louis County, Missouri.

## IV.    FACTUAL ALLEGATIONS

*A.    THE CONTAMINANTS:  PFOA & PFOS*

94.     PFOA and PFOS are stable manmade chemicals in a family as PFAS.  Each is composed of a chain of carbon atoms in which all but one of the carbon atoms are bonded to fluorine atoms, and the last carbon atom is attached to a functional group.  The carbon-fluorine bond is one of the strongest chemical bonds that occur in nature, which is a reason why these molecules are so persistent.  PFOA and PFOS contain eight carbon-fluorine bonds.  For this reason, they are sometimes referred to as "C8."

95.     PFOA and PFOS do not occur in nature.  Rather, they are stable, man-made chemicals.  They are highly water soluble, persistent in the environment and resistant to biologic, environmental, or photochemical degradation.

96.     PFOA and PFOS are readily absorbed in animal and human tissues after oral exposure, dermal exposure, or inhalation, and accumulate in the serum, kidney, and liver.  They have been found globally in water, soil, and air, as well as in human food supplies, breast milk, umbilical cord blood, and human blood serum.[1]

97.     PFOA and PFOS are persistent in the human body.  A short-term exposure can result in a body burden that persists for years and can increase with additional exposures.[2]

---

[1] *See* Agency for Toxic Substances and Disease Registry, "Per- and Polyfluoroalkyl Substances and Your Health," available at https://atsdr.cdc.gov/pfas/index.html (last accessed July 12, 2022).

[2] *See* EPA, "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)," EPA Document Number: 822-R- 16-005 (May 2016) at 55, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfoa_health_advisory_final-plain.pdf (last accessed July 12, 2022) EPA, "Drinking Water Health

27

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

98.    Since they were first produced, information has emerged showing negative health effects caused by exposure to PFOA and PFOS.

99.    According to the United States Environmental Protection Agency ("EPA"), "…studies indicate that exposure of PFOA and PFOS over certain levels may result in…developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations), cancer (e.g., testicular, bladder, kidney), liver effects (e.g., tissue damage), immune effects (e.g., antibody production and immunity), thyroid effects and other effects (e.g., cholesterol changes)."[3]

100.    EPA has also warned that "there is suggestive evidence of carcinogenic potential for PFOS."[4]

101.    The EPA has issued Health Advisory Levels for PFOA and PFOS found in drinking water of .004 parts per trillion ("ppt") and .02 ppt, respectively.[5]

102.    An independent science panel, known as the "C8 Science Panel," publicly announced in the 2010s that human exposure to 0.05 parts per billion or more of one PFAS, PFOA, had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol.

B.    *AQUEOUS FILM-FORMING FOAM*

---

Advisory for Perfluorooctane Sulfonate (PFOS)," EPA Document Number: 822-R-16-004 (May 2016) at 55, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_health_advisory_final_508.pdf (last accessed July 12, 2022).

[3] *See* EPA, "Fact Sheet PFOA & PFOS Drinking Water Health Advisories," EPA Document Number: 800-F-16-003, available at https://www.epa.gov/sites/default/files/2016-06/documents/drinkingwaterhealthadvisories_pfoa_pfos_updated_5.31.16.pdf (last accessed July 12, 2022).

[4] *See* EPA, "Health Effects Support Document for Perfluorooctane Sulfonate (PFOS)," Document Number: 822 R-16-002, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed July 12, 2022).

[5] *See* EPA, "Drinking Water Health Advisories for PFAS Fact Sheet for Communities," available at https://www.epa.gov/system/files/documents/2022-06/drinking-water-ha-pfas-factsheet-communities.pdf (last accessed July 12, 2022).

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

103.    Aqueous Film-Forming Foam ("AFFF") is a water-based foam that was first developed in the 1960s to extinguish flammable liquid fuel fires.  It is used to extinguish fires that are difficult to fight, particularly fires that involve petroleum or other flammable liquids. AFFF works by coating the ignited fuel source, preventing its contact with oxygen and suppressing combustion. AFFF is typically sprayed directly onto a fire.

104.    The AFFF products made by Defendants contained either or both PFOA and PFOS.

105.    The AFFF produced, marketed and/or sold by 3M was the only AFFF produced from fluorochemicals manufactured through electrochemical fluorination ("ECF"), a process that generates PFOS.

106.    Upon information and belief, from 1960s through the mid-2000s, 3M manufactured, designed, marketed, distributed, and sold AFFF containing PFOS, PFOA, and/or their chemical precursors within the United States and raw materials containing PFOA and/or its chemical precursors for use in the production of AFFF within the United States.

107.    All other Defendants used telomerization to produce AFFF; fluorochemicals made through telomerization degrade into PFOA, but not PFOS.

108.    Upon information and belief, by the early 1970s, National Foam and Tyco/Ansul began to manufacture, design, market, distribute, and/or sell AFFF containing PFOA and/or its chemical precursors within the United States.

109.    Upon information and belief, by the 1980s, Chemguard began to manufacture, design, market, distribute, and/or sell AFFF containing PFOA and/or its chemical precursors and fluorosurfactants containing PFOA and/or its chemical precursors for use in the production of AFFF within the United States.

110.    Upon information and belief, by the 1990s, Buckeye began to manufacture, design, market, and/or sell AFFF containing PFOA and/or its chemical precursors within the United States.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

111.    When used as the Defendants intended and directed, AFFF causes PFOA, PFOS, and/or other PFAS compounds to enter the body of those handling, using, or otherwise exposed to the foam (including firefighters).  When using AFFF, firefighters may absorb PFOA and PFOS through their skin, inhale PFOA & PFOS compounds, or inadvertently ingest PFOA and PFOS compounds.

112.    PFOA & PFOS accumulate in the human body and may cause serious injuries.

113.    Exposure to Defendants' AFFF has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease, infertility and death.

114.    AFFF can be made without PFOA and PFOS. Unlike AFFF made with PFOA or PFOS, fluorine-free foams do not pose a significant health threat to firefighters.

C.    *DEFENDANTS' KNOWLEDGE OF PFOA AND PFOS HAZARDS*

115.    By at least the end of the 1960s, animal toxicity testing performed by Defendants manufacturing and/or using PFAS indicated that exposure to such materials, including at least PFOA, resulted in various adverse health effects among multiple species of laboratory animals, including toxic effects to the liver, testes, adrenals, and other organs and bodily systems.

116.    By at least the end of the 1960s, additional research and testing performed by Defendants manufacturing and/or using PFAS indicated that such materials, including PFOA, were resistant to environmental degradation because of their unique chemical structure and would persist in the environment, essentially unaltered, if allowed to enter the environment.

117.    By at least the 1960s, DuPont had been studying the potential toxicity of PFOA and knew that it was contaminating drinking water drawn from the Ohio River and did not disclose to

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

the public or to government regulators what they knew about the substance's potential effects on humans, animals, or the environment.[6]

118.    By at least the end of the 1970s, additional research and testing performed by Defendants manufacturing and/or using PFAS indicated that one or more such materials, including PFOA and PFOS, because of their unique chemical structure, would bind to proteins in the blood of animals and humans exposed to such materials. These materials would remain and persist over long periods of time and would accumulate in the blood/body of the exposed individuals with each additional exposure.

119.    In 1980, 3M published data in peer reviewed literature showing that humans retain PFOS in their bodies for years.  Based on that data, 3M estimated that it could take a person up to 1.5 years to clear just half of the accumulated PFOS from the body after all exposures had ceased.[7]

120.    By the early 1980s, the industry suspected a correlation between PFOS exposure and human health effects.  Specifically, manufacturers observed bioaccumulation of PFOS in workers' bodies and birth defects in children of workers.

121.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia.  DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect and one a nostril and eye defect.[8]

---

[6] EPA, E.I. DuPont de Nemours and Company PFOA Settlements, available at https://www.epa.gov/enforcement/ei-dupont-de-nemours-and-company-pfoa-settlements.

[7] *See* EWG, "New Data on Half Life of Perfluorochemicals in Serum," available at http://www.ewg.org/research/dupont-hid-teflon-pollution-decades (last accessed July 7, 2022) (in particular, please refer to the "Letter from 3M to Office of Pollution Prevention and Toxics," referenced in the online article).

[8] *See id.* (specifically, please refer the "C8 Blood Sampling Results, Births and Pregnancies" Memorandum referenced in the online article).

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

122.    Beginning in 1983, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers. In an internal memo, 3M's medical officer warned "we must view this present trend with serious concern. It is certainly possible that … exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[9]

123.    By at least the end of the 1980s, Defendants, including at least 3M and DuPont, understood that, not only did PFAS, including at least PFOA and PFOS, get into and persist and accumulate in human blood and in the human body, but that once in the human body and blood, particularly the longer-chain PFAS, such as PFOS and PFOA, had a long half-life. Meaning that it would take a very long time before even half of the material would start to be eliminated. This allowed increasing levels of the chemicals to build up and accumulate in the blood and/or body of exposed individuals over time, particularly if any level of exposure continued.

124.    By at least the end of the 1980s, additional research and testing performed by Defendants manufacturing and/or using PFAS indicated that at least one such PFAS, PFOA, had caused Leydig cell (testicular) tumors in a chronic cancer study in rats, resulting in at least one such Defendant, DuPont, classifying such PFAS internally as a confirmed animal carcinogen and possible human carcinogen.

125.    By at least the end of the 1990s, additional research and testing performed by Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, indicated that at least one such PFAS, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver, and pancreatic) in a second chronic cancer study in rats.

126.    Upon information and belief, by the early 1980s, Defendants knew, or reasonably should have known, among other things, that: (a) PFOA and PFOS are toxic; and (b) when AFFF

---

[9] *See id.* (particularly, please refer to the "Organic Fluorine Levels" Memorandum referenced in the online article).

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

was used per the instructions given by the manufacturer, firefighters would be exposed to PFOA and PFOS at levels sufficient to cause harm to human health.

127.    Upon information and belief, Defendants also knew, or reasonably should have known that PFOA and PFOS could be absorbed into the skin, lungs, and gastrointestinal tract, potentially causing severe damage to the liver, kidneys, and central nervous system, in addition to other toxic effects, and that PFOA and PFOS are known carcinogens that cause genetic damage.

128.    When the EPA and other state and local public health agencies and officials first began learning of PFAS exposure in the United States and potential associated adverse health effects, Defendants repeatedly assured and represented to such entities and the public that such exposure presented no risk of harm and were of no significance.

129.    By December 2005, the EPA uncovered evidence that DuPont concealed the environmental and health effects of PFOA, and the EPA announced the "Largest Environmental Administrative Penalty in Agency History."[10]    The EPA fined DuPont for violating the Toxic Substances Control Act "Section 8(e)—the requirement that companies report to the E.P.A. substantial risk information about chemicals they manufacture, process, or distribute in commerce."[11]

130.    After results of the C8 Science Panel in 2010 were announced, Defendants repeatedly assured and represented to governmental entities, their customers, and the public that the presence of PFAS in human blood at the levels found within the United States presented no risk of harm and is of no legal, toxicological, or medical significance of any kind. Furthermore,

---

[10] *Id.*
[11] *See* EPA, Reference News Release, "EPA Settles PFOA Case Against DuPont for Largest Environmental Administrative Penalty in Agency History" (Dec. 14, 2005), https://www.epa.gov/enforcement/reference-news-release-epa-settles-pfoa-case-against-dupont-largest-environmental (last viewed on July 7, 2022).

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

Defendants had represented to and assured such governmental entities, their customers, and the public that the work of the independent C8 Science Panel was inadequate.

131.    By July 2011, DuPont could no longer credibly dispute the human toxicity of PFOA, which it continued to manufacture.  The C8 Science Panel, created as part of the settlement of a class action over DuPont's releases from the Washington Works plant, had reviewed the available scientific evidence and notified DuPont of a "probable link"[12] between PFOA exposure and the serious (and potentially fatal) conditions of pregnancy-induced hypertension and preeclampsia.[13]

132.    By October 2012, the C8 Science Panel had notified DuPont of a probable link between PFOA and five other conditions—high cholesterol, kidney cancer, thyroid disease, testicular cancer, and ulcerative colitis.

133.    After the EPA and other entities began asking Defendants to stop manufacturing and/or using certain PFAS, Defendants began manufacturing and/or using and/or using more of certain other and/or "new" PFAS, including PFAS materials with six or fewer carbons, such as GenX (collectively "Short-Chain PFAS").

134.    Research and testing performed by and/or on behalf of Defendants making and/or using Short-Chain PFAS indicates that such Short-Chain PFAS materials present the same, similar, and/or additional risks to human health as had been found in research on other PFAS materials, including cancer risk.

---

[12] Under the settlement, "probable link," means that given the available scientific evidence, it is more likely than not that among class members a connection exists between PFOA/C8 exposure and a particular human disease.

[13] *See* The C8 Science Panel, "*Status Report: PFOA (C8) exposure and pregnancy outcome among participants in the C8 Health Project,*" available at http://www.c8sciencepanel.org/pdfs/Status_Report_C8_and_pregnancy_outcome_15July2011.pdf (last accessed on July 7, 2022).

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

135.    Defendants manufacturing and/or using Short-Chain PFAS, including at least DuPont and 3M, were aware that one or more Short-Chain PFAS materials also had been found in human blood and had been found to cause the same triad of tumors (Leydig (testicular), liver, and pancreatic) in a chronic rat cancer study with a non-Short-Chain PFAS.

136.    Nevertheless, Defendants repeatedly assured and represented to governmental entities and the public that the presence of PFAS, including Short-Chain PFAS, in human blood at the levels found within the United States presented no risk of harm and was of no legal, toxicological, or medical significance of any kind.

137.    Based on information and belief, under pressure by the EPA, 3M announced that it was phasing out PFOS and U.S. production of PFOS; 3M's PFOS-based AFFF production.

138.    After 3M exited the AFFF market in the United States, the remaining AFFF manufacturer Defendants continued to manufacture and sell AFFF containing PFOA and/or its chemical precursors.

139.    Defendants had a duty and breached their duty to evaluate and test such products adequately and thoroughly to determine their potential human health impacts before they sold such products.

140.    Defendants had a duty and breached their duty to minimize the risk of harm to human health caused by PFOA and PFOS.

141.    As of the present date, blood serum testing and analysis by Defendants, independent scientific researchers, and/or government entities have confirmed that PFAS materials are clinically demonstrably present in approximately 99% of the current population of the United States.

142.    At all relevant times, Defendants shared and/or should have shared among themselves all relevant information relating to the presence, biopersistence, and bioaccumulation

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

of PFAS in human blood and associated toxicological, epidemiological, and/or other adverse effects and/or risks.

143.    At all relevant times, Defendants, through their acts and/or omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiff to the legal, toxicological, medical, or other significance and/or risk from having any PFAS material in Plaintiff's blood.

144.    At all relevant times, Defendants, through their acts and/or omissions, took steps to attack, challenge, discredit, and/or otherwise undermine any scientific studies, findings, statements, and/or other information that proposed, alleged, suggested, or even implied any potential adverse health effects or risks or any other fact of any legal, toxicological, or medical significance associated with the presence of PFAS in human blood.

145.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith.

146.    At all relevant times, Defendants encouraged the continued and increased use of PFAS by their customers and others, including but not limited to the manufacture, use, and release of AFFF containing PFAS and/or emergency responder protection gear or equipment coated with materials made with or containing PFAS, and tried to encourage and foster the increased and further use of PFAS in connection with as many products, uses, and applications as possible, despite having knowledge of the toxicity, persistence, and bioaccumulation concerns associated with such activities.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

147.    As a direct result of Defendants' acts alleged in this Petition, Plaintiff suffered severe health effects caused by exposure to AFFF containing PFOA and/or PFOS.  As a direct and proximate result, Plaintiff has incurred, and will continue to incur, substantial harm, both economic and non-economic.

D.    *Old Dupont's Fraudulent Plans To Shield Its Assets From PFAS Liabilities*

148.    By 2013, Old DuPont faced mounting liabilities arising out of its long-running manufacture, use, marketing, distribution, and sale of PFOA and/or its chemical precursors throughout the country. These liabilities included, among other things, clean-up costs, remediation obligations, tort damages, natural resources damages, and potential punitive damages.

149.    Upon information and belief, by 2013, in order to shield its assets from these liabilities and make itself a more appealing merger partner, Old DuPont began to consider and/or engage in a complex series of corporate restructurings and spin-offs.

150.    Upon information and belief in or around 2014, Old DuPont formed The Chemours Company as a wholly-owned and operated subsidiary. Shortly thereafter, Old DuPont transferred its "Performance Chemicals" business (which included Teflon® and other products, the manufacture of which involved the use of PFOA and other PFAS) to Chemours.

151.    At the time of the transfer of its Performance Chemicals business to Chemours, Old DuPont had been sued, threatened with suit, and/or had knowledge of the likelihood of litigation to be filed regarding Old DuPont's liabilities for damages and injuries arising from its manufacture and sale of its PFAS products, including PFOA and its chemical precursors.

152.    Upon information and belief, prior to the spinoff, Chemours was a wholly-owned subsidiary of Old DuPont and its four-member Board of Directors consisted of three Old DuPont employees and a former member of Old DuPont's Board of Directors.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

153.    Upon information and belief, immediately prior to the spinoff, the Chemours Board of Directors doubled in size, the three Old DuPont employees resigned, and seven new members were appointed to fill the vacancies. This new Chemours Board of Directors did not take part in negotiating the Separation Agreement.

154.    In or around July 1, 2015, Old DuPont completed the spin-off Chemours as a separate public entity and saddled Chemours with Old DuPont's massive PFAS liabilities.

155.    Although many of the details of the Separation Agreement remain largely hidden from the public, upon information and belief, as part of the Separation Agreement, Chemours accepted broad assumption of Old DuPont's environmental liabilities arising out of its long-running manufacture, use, discharge, marketing, distribution, and sale of PFAS.

156.    Additionally, Chemours agreed to assume for itself and indemnify Old DuPont against all liabilities relating to or arising from the operation of the Performance Chemicals business at any time and regardless of which entity is named in any action or against whom such liabilities are asserted or determined.

157.    Further, Chemours agreed to assume for itself and indemnify Old DuPont from all environmental liabilities that arose prior to the spinoff if Old DuPont reasonably determined that 50.1% of the liabilities were attributable to the Performance Chemicals business.

158.    Upon information and belief, the value of the assets Chemours transferred to Old DuPont was substantially more than the value of the assets it received from Old DuPont, and Chemours assumed billions of dollars of Old DuPont's PFAS and other liabilities.

159.    Old DuPont knew that Chemours was undercapitalized and unable to satisfy the massive liabilities that it assumed from Old DuPont. In addition to the assumption of such liabilities, Chemours was required to provide broad indemnification to Old DuPont in connection with these liabilities, which is uncapped and does not have a survival period.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

160.    In or around December 2015, Old DuPont entered into an agreement with Dow, Inc. ("Old Dow") pursuant to which Old DuPont and Old Dow merged with subsidiaries of a newly formed holding company, DowDuPont, Inc. ("DowDuPont"), which was created solely for the purpose of effectuating the merger. Old DuPont and Old Dow became subsidiaries of DowDuPont.

161.    Following its creation, DowDuPont engaged in a number of realignments and divestitures, the details of which remain largely hidden from Plaintiff and other creditors, intended to frustrate and/or hinder creditors with claims against Old DuPont. Upon information and belief, the net effect of these transactions was the transfer, directly or indirectly, of a substantial portion of Old DuPont's assets to DowDuPont for far less than these assets were worth.

162.    By 2019, DowDuPont spun-off two new publicly traded companies, Corteva, Inc. and Dow, Inc. ("New Dow"). DowDuPont was then renamed DuPont de Nemours, Inc. ("New DuPont").

163.    Upon information and belief, Corteva currently holds Old DuPont as a subsidiary.

164.    Upon information and belief, as part of the DowDuPont Separation Agreement, Corteva and New DuPont also assumed direct financial liability of Old DuPont that was not related to the Agriculture, Material Science, or Specialty Products Businesses, including the PFAS liabilities which are allocated on a pro rata basis between Corteva and New DuPont.

E.    THE IMPACT OF PFOA AND PFOS ON THE PLAINTIFF

165.    At all relevant times, Defendants knew or should have known that:

a.       users of AFFF would likely include fire and rescue training organizations and their personnel;

b.      fire and rescue personnel were foreseeable users of AFFF containing or degrading into PFOA and/or PFOS in both training and real-life fire emergency scenarios;

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

    c.     PFOA and PFOS are dangerous to the environment and human health when used by fire and rescue personnel;

    d.     fire and rescue personnel foreseeably lacked knowledge of these dangers; and,

    e.     fire and rescue personnel would require warnings of these dangers and/or affirmative instructions in the use of AFFF.

166.    As a firefighter, Plaintiff received extensive firefighting training and participated in numerous firefighting activities that involved AFFF. For 38 years, Plaintiff regularly handled and used AFFF during training exercises and firefighting activities and often cleaned up spills of AFFF. Throughout the course of these activities, Plaintiff used AFFF in accordance with all product instructions and directions.

167.    Plaintiff was diagnosed with bladder cancer on September 11, 2018 and prostate cancer in December 2018.

168.    The use of Fluorosurfactant Products as directed and intended by the manufacturers caused Plaintiff's exposure to PFOA and PFOS, which caused Plaintiff's bladder cancer and prostate cancer.

169.    Therefore, as a direct and proximate result of Defendants' tortious conduct as discussed in this Petition, Plaintiff was physically harmed and is damaged in the following ways:

    a.     Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

    b.     Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

    c.     Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

    d.     Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

    e.     Plaintiff suffers from lost wages;

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

    f.      Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

170.    Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw or should have foreseen that their design, marketing, development, manufacture, distribution, and training of AFFF containing PFAS, production of instructional materials, sale and/or other handling and/or use of AFFF containing PFAS would result in the contamination of the blood and/or body of Plaintiff with PFAS, and the biopersistence and bioaccumulation of such PFAS in his blood and/or body.

171.    Defendants were and/or should have been aware, or knew and/or should have known, and/or foresaw or should have foreseen that allowing PFAS to contaminate the blood and/or body of Plaintiff would cause injury.

172.    Defendants did not seek or obtain permission or consent from Plaintiff before engaging in such acts and/or omissions that caused, allowed, and/or otherwise resulted in Plaintiff's exposure to AFFF and the contamination of Plaintiff's blood and/or body with PFAS materials, and resulting biopersistence and bioaccumulation of such PFAS in his blood and/or body.

## FIRST CAUSE OF ACTION
### DESIGN DEFECT AND/OR DEFECTIVE PRODUCT

173.    Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

174.    Defendants designed, manufactured, formulated, packaged, distributed, promoted, marketed, and/or sold products containing PFOA/PFOS contaminants.

175.    Defendants represented, asserted, claimed and warranted that AFFF products could be used in conformity with accompanying instructions and labels in a manner that would not cause injury or damage.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

176.    Defendants knew, or should have known, that use of AFFF in its intended manner would result in exposures and personal injuries to users including Plaintiff.

177.    As manufacturers, refiners, formulators, sellers, marketers, distributors, suppliers, shippers and handlers of PFOA/PFOS contaminants, Defendants owed a duty to all persons whom Defendants' products might foreseeably harm, including Plaintiff, not to market any product which is unreasonably dangerous for its intended and foreseeable uses.

178.    Defendants knew or should have known:

a.    exposure to AFFF containing PFAS was hazardous to human health;

b.    the manner in which they were designing, developing, manufacturing, distributing, releasing, training, marketing, promoting, and selling AFFF containing PFAS was hazardous to human health; and

c.    the manner in which they were designing, developing, manufacturing, distributing, releasing, training, marketing, promoting, and selling AFFF containing PFAS would result in the contamination of Plaintiff's blood and/or body as a result of exposure.

179.    The AFFF containing PFAS that was designed, formulated, manufactured, marketed, distributed, and sold by the Defendants was so hazardous, toxic, and dangerous to human health that the act of designing, formulating, manufacturing, marketing, distributing, and selling AFFF was unreasonably dangerous under the circumstances.

180.    Plaintiff used Defendants' Fluorosurfactant Products in a reasonably foreseeable manner and without substantial change in the condition of such products.

181.    Plaintiff was exposed to PFOA/PFOS in Defendants' Fluorosurfactant Products including AFFF.

182.    The PFOA/PFOS-containing products used by Plaintiff were defective in design and unreasonably dangerous because, among other things: PFOA and PFOS are bioaccumulative and toxic; and human exposure to PFOA and/or PFOS is associated with serious medical conditions, including testicular cancer, prostate cancer, bladder cancer, and thyroid disease.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

183.    Defendants' defective design and formulation of AFFF containing PFAS was a direct and proximate cause of Plaintiff's exposure to a known bioaccumulative and toxic material.

184.    Defendants' defective design and formulation of AFFF containing PFAS was a direct and proximate cause of the contamination of the blood and/or body of Plaintiff.

185.    Defendants' defective design and formulation of AFFF containing PFAS was a direct and proximate cause of the persistence and accumulation of PFAS in Plaintiff's blood and/or body.

186.    Defendants' defective design and formulation of AFFF containing PFAS was a direct and proximate cause of Plaintiff's personal injuries including cancer.

187.    Knowing of the dangerous and hazardous properties of the AFFF containing PFAS, Defendants could have designed, formulated, manufactured, marketed, distributed, and sold alternative designs or formulations of AFFF that did not contain hazardous and toxic PFAS. These alternative designs and formulations were already available, practical, and technologically feasible.

188.    The use of a reasonable alternative design that was not unreasonably dangerous would have reduced or prevented reasonably foreseeable harm to Plaintiff caused by the Defendants' design, formulation, manufacture, marketing, distribution, and sale of AFFF containing hazardous and toxic PFAS.

189.    Therefore, as a direct and proximate result of Defendants' negligence and defective design of AFFF described throughout the Petition, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

    a.    Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

    b.    Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

c.      Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.      Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.      Plaintiff suffers from lost wages;

f.      Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

190.    Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

## SECOND CAUSE OF ACTION
### FAILURE TO WARN

191.    Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

192.    As manufacturers, formulators, refiners, marketers, sellers, distributors, suppliers, shippers and handlers of PFOA/PFOS contaminants, Defendants had a duty to issue warnings of the risks posed by PFOA and/or PFOS to users and bystanders, including Plaintiff.

193.    Defendants breached their duty to warn by unreasonably failing to provide warnings about potential and/or actual exposure and bioaccumulation of PFOA and/or PFOS, despite the fact that Defendants knew that these toxic contaminants were in AFFF.

194.    Defendants were negligent in their failure to provide users and bystanders, including Plaintiff with adequate warnings or instruction that the use of their AFFF products would

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

cause PFAS to be released into the blood and/or body of users and bystanders, including the Plaintiff.

195.    Adequate instructions and warnings on the AFFF containing PFAS could have reduced or avoided these foreseeable risks of harm and injury to Plaintiff. If Defendants provided adequate warnings:

a.    Plaintiff could have and would have taken measures to avoid or lessen exposure; and

b.    end users and governments could have taken steps to reduce or prevent the release of PFAs into the blood and/or body of Plaintiff.

196.    As a direct and proximate result of Defendants' negligence and failing to warn described throughout the Petition, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

a.    Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

b.    Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.    Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.    Plaintiff suffers from lost wages;

f.    Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

197.    Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

action, and for such other and further relief as this Court may deem just and proper under the circumstances.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

198.    Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

199.    As manufacturers, formulators, refiners, marketers, sellers, distributors, suppliers, shippers and handlers of PFOA/PFOS contaminants, Defendants owed a duty to Plaintiff and all persons whom Defendants' products might foreseeably harm to exercise due care in the design, testing, manufacturing, packaging, labeling, marketing, sale, distribution, training, warning, control, disposal, and use of PFOA/PFOS contaminants.

200.    Despite the fact that Defendants knew that PFOA and PFOS are bioaccumulative, toxic, and can cause testicular cancer, bladder cancer, prostate cancer, thyroid disease, and other serious human health effects, Defendants negligently:

a.    designed, formulated, manufactured, handled, labeled, instructed, controlled, marketed, promoted, and/or sold PFOA/PFOS-containing products;

b.    tested and inspected the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiff;

c.    issued warnings and instructions on how AFFF products should be used and disposed of, thus improperly permitting human exposure to PFOA and/or PFOS;

d.    failed and refused to issue the appropriate warnings and/or recalls to the users of AFFF containing PFOA and/or PFOS of the dangers of human exposure associated with the intended proper use, handling, and disposal of products containing this toxic chemical, notwithstanding the fact that Defendants knew the identity of the purchasers of the AFFF products; and

e.    distributed AFFF products to users without warning about the dangers of the products.

201.    Defendants knew or should have known of these failings, some of which were intentional failings, by Defendants.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

202.    At all relevant times, Defendants knew their products were defective and unreasonably unsafe for their intended purpose, yet Defendants fraudulently concealed from and/or failed to disclose to or warn consumers and users, including Plaintiff.

203.    At all relevant times, Defendants knowingly made false claims about the safety and quality of the Defendants' products and intentionally concealed the defective nature of the products from consumers and users including Plaintiff.

204.    As a direct and proximate result of Defendants' negligence and failing described throughout the Petition, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

a.    Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

b.    Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.    Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.    Plaintiff suffers from lost wages;

f.    Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

205.    Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

## FOURTH CAUSE OF ACTION
### STRICT LIABILITY (STATUTORY)

206.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

207.    Plaintiff asserts any and all remedies available under statutory causes of action from Plaintiff's state for strict liability against each Defendant.

208.    The Defendants were engaged in designing, manufacturing, testing, assembling, marketing, selling, and distribution of AFFF.

209.    AFFF was in a defective condition and unreasonably dangerous to users and/or consumers when designed, manufactured, tested, assembled, marketed, sold, and/or distributed to the public by the Defendants.

210.    As a direct and proximate result of Defendants products' aforementioned defects, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

a.    Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

b.    Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.    Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.    Plaintiff suffers from lost wages;

f.    Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

211.    The Defendants are strictly liable in tort to the Plaintiff for their wrongful conduct.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

212.    Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

### FIFTH CAUSE OF ACTION
### STRICT LIABILITY (RESTATEMENT)

213.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

214.    The Plaintiff brings strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

215.    As designed, manufactured, tested, assembled, marketed, sold and/or distributed by the Defendants, the AFFF product was in a defective and unreasonably dangerous condition when put to reasonably anticipated use to foreseeable consumers and users, including Plaintiff.

216.    The Defendants had available reasonable alternative designs which would have made the AFFF product safer and would have most likely prevented the injuries and damages to the Plaintiff, thus violating state law and the Restatement of Torts.

217.    The Defendants failed to properly and adequately warn and instruct the consumers and users, including Plaintiff as to the proper safety and use of the Defendants product.

218.    The Defendants failed to properly and adequately warn and instruct the consumers and users, including Plaintiff regarding the research and testing of the product.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

219. The Defendants' products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations.

220. As a direct and proximate result of Defendants' design, manufacture, testing, assembling, marketing, sale, and distribution of the products, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

a.    Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

b.    Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.    Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.    Plaintiff suffers from lost wages;

f.    Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

221. By reason of the foregoing, the Defendants are strictly liable for the injuries and damages suffered by the Plaintiff, caused by these defects in the AFFF product.

222. Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

**SIXTH CAUSE OF ACTION**
**FRAUDULENT CONCEALMENT**

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

223.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

224.    Throughout the relevant time period, Defendants knew that their products were defective and unreasonably unsafe for their intended purpose.

225.    Defendants fraudulently concealed from and/or failed to disclose to or warn the Plaintiff, and the public that their products were defective, unsafe, and unfit for the purposes intended, and that they were not of merchantable quality.

226.    Defendants were under a duty to the Plaintiff and the public to disclose and warn of the defective and harmful nature of the products because:

a.    Defendants were in a superior position to know the true quality, safety and efficacy of the Defendants' products;

b.    Defendants knowingly made false claims about the safety and quality of the Defendants' product in documents and marketing materials; and

c.    Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' products from consumers and users, including Plaintiff.

227.    The facts concealed and/or not disclosed by Defendants to consumers and users, including the Plaintiff were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use the Defendants' products.

228.    Defendants, by concealment or other action, intentionally prevented consumers and users including the Plaintiff from acquiring material information regarding the lack of safety and effectiveness of the Defendants' products.

229.    Defendants intentionally concealed and/or failed to disclose the true defective nature of the products so that consumers and users including the Plaintiff would use the Defendants' products.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

230.     Defendants had stated the non-existence of such material information regarding the Defendants' products' lack of safety and effectiveness, dangers, and defects that consumers and users including the Plaintiff was thus prevented from discovering the truth.

231.     To Plaintiff's detriment, the Plaintiff justifiably acted or relied upon the concealed and/or non-disclosed facts as evidenced by Plaintiff's use of the Defendants' products.

232.     Defendants are subject to the same liability to the Plaintiff for Plaintiff's pecuniary losses.

233.     Defendants therefore have liability for fraudulent concealment under all applicable laws, including, inter alia, Restatement (Second) of Torts §550 (1977).

234.     As a direct and proximate result of Defendants' conduct, Plaintiff was physically harmed and has suffered severe and permanent injuries, as well as in the following ways:

a.     Plaintiff suffered, and continues to suffer, physical pain and mental anguish;

b.     Plaintiff incurred hospital, medical, pharmaceutical and other expenses;

c.     Plaintiff endured painful surgery and years of treatment for bladder cancer and prostate cancer;

d.     Plaintiff will continue to suffer – and incur additional costs – for the foreseeable future;

e.     Plaintiff suffers from lost wages;

f.     Plaintiff suffers undue stress from the fear that his cancer may recur and that he may develop additional health conditions.

235.     Plaintiff is lawfully entitled to damages in excess of $75,000 that are fair and just for the loss occasioned, including but not limited to punitive damages, medical expenses, future loss of income and/or other benefits and entitlements.

WHEREFORE, Plaintiff Marc Ulses respectfully requests judgment against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

action, and for such other and further relief as this Court may deem just and proper under the circumstances.

## SEVENTH CAUSE OF ACTION
### FRAUDULENT TRANSFER
### (MUFTA DEFENDANTS)
### (Against DuPont and Chemours)

236.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

237.    This is also a fraudulent transfer case instituted pursuant to Missouri's Uniform Fraudulent Transfer Act ("MUFTA"), MO. REV. STAT. §§ 428.005 to 428.059.

238.    Plaintiff seeks equitable and other relief pursuant to MUFTA, against E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont De Nemours, Inc. (collectively, the "MUFTA Defendants").

239.    Pursuant to MO. REV. STAT. §§ 428.024:

a.    "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

   i.    With actual intent to hinder, delay, or defraud any creditor of the debtor; or
   ii.    Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

      a.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

      b.    Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

240.    Further, the statute states, in part:

a.    "[i]n determining actual intent under subdivision (1) of subsection 1 of this section, consideration may be given, among other factors, to whether: [...] before the

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; […] the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred."

241.    Upon information and belief, in February 2014, E. I. DuPont de Nemours and Company formed The Chemours Company as a wholly-owned subsidiary and used it to spin off DuPont's "Performance Chemicals" business line in July 2015.

242.    Upon information and belief, at the time of the spinoff, DuPont's Performance Chemicals division contained the Fluorosurfactant Products business segments. In addition to the transfer of the Performance Chemicals division, The Chemours Company accepted broad assumption of liabilities for DuPont's historical use, manufacture, and discharge of PFAS.

243.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to The Chemours Company, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries from the manufacture and sale of Fluorosurfactant Products.

244.    The MUFTA Defendants acted with actual intent to hinder, delay and to defraud any creditor of the MUFTA Defendants because: (1) they were engaged and or about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business and; (2) intended to incur, or believed or reasonably should have believed that the Chemours Company would incur debts beyond its ability to pay as they became due.

245.    The MUFTA Defendants engaged in actions in furtherance of a scheme to transfer E. I. DuPont de Nemours and Company's assets out of the reach of Plaintiff, and other similar parties, that have been damaged as a result of MUFTA Defendants' conduct, omissions, and actions described herein.

246.    As a result of the transfer of assets and liabilities described in this Petition, the MUFTA Defendants have attempted to limit the availability of assets to cover judgments for all of

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

the liability for damages and injuries from the manufacturing, marketing, distribution and/or sale of Fluorosurfactant Products.

247.    Plaintiff seeks avoidance of the transfer of E. I. DuPont de Nemours and Company's liabilities for the claims brought in this Petition and to hold the MUFTA Defendants liable for any damages or other remedies that may be awarded by the Court or jury to the Plaintiff in this action.

248.    Plaintiff further seeks all other rights and remedies that may be available to it under MUFTA, including attorneys' fees and for prejudgment remedies as available under applicable law, as may be necessary to fully compensate Plaintiff for the damages and injuries it has suffered as alleged in this Petition.

WHEREFORE, Plaintiff prays judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, attorneys' fees, statutory relief, and for such other and further relief as this Court may deem fit, just, and proper.

## EIGTH CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

249.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

250.    At all times relevant hereto, the Defendants manufactured, designed, developed, marketed, sold, labeled, and distributed the AFFF products that have been previously alleged and described herein.

251.    At the time the Defendants manufactured, designed, developed, marketed, sold, labeled, and distributed the AFFF products, the Defendants knew of the use for which it was intended, and implied and/or expressly warranted that the product was merchantable, safe, and fit for its intended purpose.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

252.    The Defendants warranted that the product was merchantable and fit for the particular purpose for which it was intended and would be reasonably safe. These warranties were breached, and such breach proximately resulted in the injuries and damages suffered by the Plaintiff.

253.    The Plaintiff is within the class of foreseeable users and reasonably relied upon Defendants' judgment, and the implied and/or express warranties in using the products.

254.    The Defendants breached their implied and/or express warranties and did not meet the expectations for the performance of the product when used for its intended use and was neither of merchantable quality nor safe for its intended use in that the product has a propensity to cause serious injury, pain, cancer and death.

WHEREFORE, Plaintiff prays judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## NINTH CAUSE OF ACTION
### WANTONNESS

255.    Plaintiff realleges and reaffirms each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

256.    Defendants and their employees, agents, officers, and representatives owed a duty of care to end users of their AFFF products, including Plaintiff.

257.    Defendants breached the duty of care owed to the Plaintiff.

258.    The actions of Defendants and their employees, agents, officers, and representatives were willful and wanton and exhibited a reckless disregard for the life, health, and safety of the end users of Defendants' AFFF products, including Plaintiff.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

259.    As a proximate and foreseeable consequence of the actions of Defendants, Plaintiff was exposed to unreasonably dangerous toxic PFAS containing AFFF, which caused Plaintiff's injury.

WHEREFORE, Plaintiff prays judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### TOLLING OF THE STATUTE OF LIMITATIONS
### DISCOVERY RULE TOLLING

260.    Plaintiff had no way of knowing about the risk of serious injury associated with the use of and exposure to AFFF until very recently.

261.    Within the time period of any applicable statute of limitations, Plaintiff could not have discovered, through the exercise of reasonable diligence, that exposure to AFFF is harmful to human health.

262.    Plaintiff did not discover and did not know of facts that would cause a reasonable person to suspect the risk associated with the use of and exposure to AFFF; nor would a reasonable and diligent investigation by Plaintiff have disclosed that AFFF could cause personal injury and death.

263.    For these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiff's claims.

### FRAUDULENT CONCEALMENT TOLLING

264.    All applicable statute of limitations have also been tolled by Defendants knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

265.    Instead of disclosing critical safety information regarding AFFF, Defendants have consistently and falsely represented the safety of AFFF products.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

266.    This fraudulent concealment continues through present day.

267.    Due to this fraudulent concealment, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiff's claims.

**ESTOPPEL**

268.    Defendants were under a continuous duty to consumer, end users, and other persons coming into contact with their products, including Plaintiff, to accurately provide safety information concerning its products and the risk associated with the use of and exposure to AFFF.

269.    Instead, Defendants knowingly, affirmatively, and actively concealed safety information concerning AFFF and the serious risks associated with the use of and exposure to AFFF.

270.    Based on the foregoing, Defendants are estopped from relying on any statute of limitations in defense of this action.

**<ins>PRAYER FOR RELIEF</ins>**

271.    Plaintiff respectfully prays for judgment against Defendants, jointly and severally, as follows:

a.    Compensatory, actual, consequential damages and all other damages including, but not limited to past and future medical and treatment costs; non-economic damages; loss of earnings and future earnings; and household expenses, among others.

b.    Avoiding the transfer of DuPont's liabilities for claims brought in this Petition;

c.    Exemplary and Punitive damages;

d.    Attorney's fees;

e.    Pre-judgment and post-judgment interest;

f.    Any other and further relief as the Court deems just, proper, and equitable.

Electronically Filed - ST LOUIS COUNTY - September 09, 2023 - 11:41 PM

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial.

Date: September 9, 2023                     Respectfully submitted by,

**DONNER APPLEWHITE,**
**ATTORNEYS AT LAW**

By:   */s/ Steven A. Donner*

Steven A. Donner, #63789MO
Thomas R. Applewhite, #64437MO
906 Olive Street, Suite 1110
St. Louis, Missouri 63101
Phone:   (314) 240-5350
Fax:       (888) 785-4461
Email:    steve.donner@da-lawfirm.com
              tom.applewhite@da-lawfirm.com

***Attorneys for Plaintiff***